UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANDREW SIMMERMAN, Individually and as Administrator of ESTATE OF MKS (a minor), et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 14-382-DCR |
| V. | ) ) | |
| ACE BAYOU CORPORATION, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Teresa Spears' motion to dismiss [Record No. 8] and Plaintiffs Andrew Simmerman and Terri Mills' motion to remand [Record No. 16]. Because the Court concludes that Defendant Spears was fraudulently joined as a defendant to this proceeding, the plaintiffs' motion to remand will be denied while the motion to dismiss will be granted.

**I.**

This action arises out of the tragic death of three-year-old MKS after the child became enclosed in a purple bean-bag chair on September 12, 2012. [Record No. 16, pp. 2-3] The Complaint alleges that the defective chair was designed, manufactured, and sold by Ace Bayou through Wal-Mart Supercenter Store Number 1675 in Lebanon, Kentucky. [Record No. 1-1]

The plaintiffs originally filed suit in the Fayette Circuit Court, seeking damages under theories of negligence, strict liability, breach of implied warranties, outrageous conduct, and

-1-

loss of consortium. [Record No. 1-1] All of the plaintiffs are citizens of Kentucky. Witht he exception of Defendant Spears, all other defendants have diverse citizenship.[1]

On September 30, 2014, the defendants removed the action to this Court. [Record No. 1-2] Although they acknowledge that Spears' status as a Kentucky citizen would normally destroy diversity jurisdiction, the defendants argue that Spears' citizenship may be disregarded because she has been fraudulently joined in an effort to defeat diversity. [Record Nos. 1-2, 19] Defendant Spears has filed a motion to dismiss the claims against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Record No. 18] However, the plaintiffs argue that an actionable claim has been asserted against Spears and, as a result, the case should be remanded to Fayette Circuit Court. [Record No. 15]

## II.

### A. Fraudulent Joinder Standard

A case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) ("[Section] 1441 . . . authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). For this Court to have jurisdiction under 28 U.S.C. § 1332, there

---

[1] Spears is now the manager of Wal-Mart Store Number 825 in Stanford, Kentucky, and remains a citizen of Kentucky. [Record No. 8]

-2-

must be complete diversity among the parties – "that is, that no party shares citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

An exception to the complete-diversity requirement arises where a non-diverse defendant has been fraudulently joined. *See Caudill*, 200 F.3d at 916. ("[The Sixth Circuit] has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). A case need not be remanded as the result of fraudulent joinder if there is no "reasonable basis" to expect that the plaintiff's claims against the non-diverse defendant could succeed under state law. *Coyne*, 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)). Although the plaintiff's actual motive is irrelevant to a fraudulent joinder inquiry, *Jerome-Duncan, Inc. v. Auto-By-Tel Mktg. Corp.*, 176 F.3d 904, 907 (6th Cir. 1999), if "the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal." *Smith v. SmithKline Beecham Corp.*, 2011 US. Dist. LEXIS 75951, at *14 (E.D. Ky. July 13, 2011) (citation and internal quotation marks omitted). *See Saltire Industrial Inc. v. Waller, Lansden, Dortch, & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007).

In cases of fraudulent joinder, the Court "must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (internal quotation marks omitted). If a determination cannot be made from the face of the Complaint, the Court may "pierce[] the pleadings to consider summary-judgment-type evidence." *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th. Cir. 2011) (internal quotation marks omitted). However, the Court must be careful not to "step[] from

the threshold jurisdictional issue [of fraudulent joinder] into a decision on the merits." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 2011). As a result, the removing party bears the "heavy" burden of establishing fraudulent joinder. *Walker*, 443 F. App'x at 953; *Alexander*, 13 F.3d at 949.

**B.     12(b)(6) Standard**

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

### III.

The plaintiffs argue that this case should be remanded to Fayette Circuit Court because the defendants have failed to prove the fraudulent joinder of Defendant Spears. As it pertains to Spears, the Complaint alleges:

> 23. Upon information and belief, Defendant Teresa Spears was individually involved in, or through the exercise of reasonable care should have been involved in, oversight, direction, supervision, and management of, and/or direct participation in, the design, manufacture, assembly, production, packaging, repackaging, distribution, inspection, marketing, selling and/or retailing of the subject defective bean bag, and had a duty to use reasonable care in her performance of such functions.

[Record No. 1-1, p. 5] The plaintiffs have offered nothing beyond the speculation of paragraph 23 to indicate that Spears had any direct or indirect involvement in the manufacture of the allegedly defective chair or its selection for sale at the store she managed. Further, the plaintiffs concede that MKS's grandparents, rather than the plaintiffs, were the purchasers of the bean-bag chair. [Record No. 16, p. 2] The Complaint does not allege that Spears was present on the day the product was purchased or that she had any contact with the grandparents or plaintiffs at any time.

Likewise, the plaintiffs do not cite to any Kentucky authority that extends product liability from retailers to their employees. To the contrary, Kentucky law does not impose liability on store managers beyond their own tortious actions. *See Smith v. Grubb*, 2014 Ky. App. LEXIS 157 (Ky. App. 2014) (store's liability in personal injury suit did not extend to store manager). *See also Couch v. Purdue Pharma, L.P.,* No. 07-370-DCR, 2002 WL 32097529, at *1-2 (E.D. Ky. Jan. 31, 2001); *see also Salisbury v. Purdue Pharmacy*, 166 F. Supp. 2d 546 (E.D. Ky. 2001) (fraudulent joinder existed where the plaintiff's complaint omitted any averment to the effect that the defendant pharmacies sold or supplied the product to the plaintiff). The Complaint in the instant case falls short of such allegations.

In assessing claims of fraudulent joinder, the potential for legal liability "must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992). As noted above, it is proper for courts to pierce the pleadings and consider summary-judgment-type evidence in determining the validity of the plaintiff's joinder of a non-diverse defendant. *See Casias v. Wal-Mart Stores, Inc.*, 694 F.3d 428, 433 (6th Cir. 2012). Here, Spears has submitted an affidavit denying that she was personally involved in the oversight, direction, supervision, or management of the allegedly defective bean-bag chair. [Record No. 8-1] The plaintiffs have not countered these averments with any evidence to the contrary. Therefore, the plaintiffs have failed to assert a colorable claim for liability against Spears.

Although the plaintiffs rely on *Jones v. Abbott Laboratories*, 212 WL 32581 (W.D. Ky. 2012), to support a claim of negligence against a retailer-manager, such reliance is misplaced. In *Jones*, the plaintiffs sued the manufacturer, Abbott, and the distributor, Kroger, of baby formula allegedly containing beetle larva. They also joined the Kroger store

manager in the suit. Unlike the present case, the formula product line had been recalled, and the store manager actively overrode a cash register block on the product to allow the plaintiffs to purchase the formula. *Id.* at *3. Here, the facts do not suggest that Defendant Spears personally sold a recalled product – or any product at all – to the plaintiffs. Without an allegation of a breach of a duty to the plaintiffs, the Complaint does not assert a colorable negligence claim against Spears.

In further support of a finding of fraudulent joinder in this case, the defendants contend that the claims against Spears are not colorable under Kentucky's Middleman Statute. [Record No. 19, pp. 5-6] The statute provides:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KRS § 411.340. This statute is intended to shield retailers from liability. *See Weixler v. Paris Co.*, 2003 U.S. Dist. LEXIS 444, 2003 WL 105503, *1 (W.D. Ky. Jan. 2, 2003).

Here, the manufacturer, Ace Bayou, has been named as a defendant and is subject to the Court's jurisdiction based on the distribution of its product in Kentucky. The Complaint fails to allege that the condition of the bean-bag chair had been altered by Wal-Mart at the time it was purchased. Although the Complaint alleges that the defendants knew or should have known of the dangers associated with the product, this is insufficient to overcome the protections afforded by KRS 411.340. *See Conrad v. Sherwin Williams Co.*, 2012 U.S. Dist.

LEXIS 154627 (E.D. Ky. 2012) (to overcome KRS 411.340, a plaintiff must allege, at the very least, more specific knowledge of dangerousness by the retailer); *Mason v. Excel*, 2011 U.S. Dist LEXIS 23835 (W.D. Ky. 2011) (the plaintiff must state more than that the seller bore the same knowledge as the buyer or the seller had special knowledge of the dangerousness of the product). Thus, KRS 411.340 precludes the imposition of liability on Wal-Mart. Because Spears' liability derives from her employment with Wal-Mart, she also cannot be held liable under KRS 411.340. Thus, there is no reasonable basis for predicting that Kentucky state law would impose liability on Spears.

**IV.**

In summary, the plaintiffs have failed to provide the Court with *any* evidence that Kentucky law imposes liability on a manager of a business to independently design, manufacture, assemble, produce, package, inspect, market, or sell products sold by her retailer-employer. The evidence before the Court demonstrates only that Spears was the manager of the Wal-Mart store responsible for selling the allegedly defective product. Based on the information presented to the Court, there exists no possibility that Kentucky law would recognize a claim against Spears. Faced with the plaintiffs' unsupported allegations based on "information and belief", which have been directly contradicted by Spears' affidavit, the Court cannot conclude that there is any reasonable possibility that the plaintiff could establish a colorable claim against Spears under Kentucky law.

The defendants have sufficiently demonstrated that Spears was fraudulently joined in this action. Spears' citizenship will be disregarded for purposes of diversity jurisdiction and the claims against her will be dismissed as meritless. Accordingly, it is hereby

**ORDERED** as follows:

-8-

1. The Plaintiffs' Motion to Remand [Record No. 16] is **DENIED**.

2. Defendant Teresa Spears' motion to dismiss [Record No. 8] is **GRANTED.**

3. The claims asserted in this action against Defendant Teresa Spears are **DISMISSED**, with prejudice, and she is **DISMISSED** as a party from this action.

This 21st day of November, 2014.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge