UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANDREW SIMMERMAN, | ) | |
| Individually and as Administrator of | ) | |
| ESTATE OF MKS (a minor), et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-382-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ACE BAYOU CORPORATION, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 21, 2014 the Court denied Plaintiffs Andrew Simmerman and Terri Mills's request for remand and dismissed all claims asserted against Defendant Teresa Spears. [Record No. 22] The plaintiffs now move the Court to alter or amend the November 21, 2014 Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e). Alternatively, the plaintiffs ask the Court to vacate and set aside the prior opinion pursuant to Rule 60(b). [Record No. 33]

Neither of these rules provides an appropriate means to challenge a non-final order. *Dierig v. Lees Leisure Indus.*, 2012 U.S. Dist. LEXIS 26181 (E.D. Ky. Feb 28, 2012). Rule 59(e), by its own terms, applies only to judgments. Likewise, Rule 60(b) applies only to "final" orders and judgments. *See Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991); *Payne v. The Courier-Journal*, 193 F. App'x 397, 400 (6th Cir. 2006). The Court's prior Memorandum Opinion and Order was not a final order; it did not dismiss all of the defendants, but instead left the plaintiffs with unresolved pending claims, and no separate

-1-

judgment was entered. *See Davey v. St. John Health*, 297 F. App'x 4666, 469 (6th Cir. 2008) (when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order). No final order or judgment has been entered in this case.

The Sixth Circuit has held that district courts have inherent authority under Federal Rule of Civil Procedure 54(b) to reconsider interlocutory orders and re-open any part of a case prior to the entry of final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory*, 922 F.2d at 1282. Rule 54(b) states, in relevant part:

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Generally, reconsideration of an interlocutory order is appropriate "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959.

The plaintiffs contend that the November 21, 2014 order [Record No. 22] contained clear errors suitable for correction through a motion to reconsider. Specifically, they argue that the Court erred by: (i) applying the federal, rather than state, pleading standard; (ii) misinterpreting Kentucky case law regarding manager liability; and (iii) issuing its decision before the plaintiffs had an opportunity to fully brief the issues. [Record No. 33-1, p. 3]

The plaintiffs' first argument is that the Court impermissibly applied the federal pleading standards articulated in Federal Rule of Civil Procedure 8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to state-law

-2-

claims removed to federal court.  They urge the Court to look to Kentucky's pleading requirements, since the Complaint was originally filed in Kentucky state court.  However, it is well-established that the Federal Rules of Civil Procedure apply to removed cases.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1983); *Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409 (6th Cir. 1955).  Although the Sixth Circuit has not addressed the issue since the Supreme Court's ruling in *Iqbal*, federal district courts, including this Court, have consistently held that federal pleading requirements under Rule 8 and the *Twombly-Iqbal* standard apply to removed complaints, even where the state pleading standard is more lenient.  *See Vanhook v. Somerset Health Facilities, LP*, 2014 U.S. Dist. LEXIS 173721 (E.D. Ky., Dec. 15, 2014) (federal, not state, pleading standard applies to removed actions).  Further, an analogous line of Sixth Circuit cases applies the *Iqbal* pleading standard to state-law claims in diversity cases.  *See Foust v. Stryker Corp.,* No. 2:10-cv00005, 2010 U.S. Dist. LEXIS 69771 (S.D. Ohio Jun. 22, 2010) (applying *Twombly* pleading standard in a motion to dismiss state law claims); *Wilkey v. Hull*, 366 F. App'x 634, 637 (6th Cir. 2010 (unreported) (applying *Twombly* pleading standard in a diversity case to assess the factual plausibility of the plaintiff's state-law claims).

The Federal Rules of Civil Procedure also address this situation.  Rule 81(c) specifically provides that "[t]hese rules apply to a civil action after it is removed from a state court."  Fed. R. Civ. P. 81(c)(1).  The Supreme Court has noted that this "expansive language contains no express exceptions."  *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1991).  In short, the Rule 8 pleading standards apply to all district court proceedings, including those that originated in state courts.  *See Vanhook*, 2014 U.S. Dist. LEXIS 173721 at *6.

The plaintiffs' Complaint was initially filed in Fayette Circuit Court, where, as they correctly note, notice pleading standards apply. *E.g., Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005). Even so, once this action was removed to this court, the Federal Rules of Civil Procedure – including Rule 8(a)(2) and the plausibility pleading standard articulated in *Iqbal* and *Twombly* – apply. Thus, the plaintiffs' first argument does not supply a basis for the Court to reconsider and set aside its prior determination.

The plaintiffs' second ground for reconsideration suggests that "the Court concluded that a manager of a retailer owes no duties to the purchaser of a defective product." [Record No. 33-1, p. 3] This characterization *seriously* misstates the Court's Order. The Court did not find a blanket prohibition of manager liability under Kentucky law. Rather, the facts alleged in the plaintiffs' Complaint were found to be insufficient to assert a colorable negligence claim against Spears and were further precluded by Kentucky's Middleman Statute.[1] [Record No. 22, pp. 6-7] The issue was previously addressed in the November 21, 2014 Memorandum Opinion and Order. [Record No. 22, pp. 5-8] Nothing in the plaintiffs' current motion alters the Court's original analysis. Thus, the plaintiffs' second argument does not provide a basis for reconsideration or other relief.

In connection with this assertion, the plaintiffs also argue that the Court improperly shifted the burden of proof of fraudulent joinder from the defendants. [Record No. 33-1, p.

---

[1]     In fact, the Court cited to *Jones v. Abbott Laboratories*, 212 WL 32581 (W.D. Ky. 2012), in which a store manager was properly sued where the product had been recalled and the manager actively overrode a cash register block on the product to allow the plaintiffs to purchase it. In the case at bar, the Court found that "the facts do not suggest that Defendant Spears personally sold a recalled product – or any product at all – to the plaintiffs. Without an allegation of a breach of a duty to the plaintiffs, the Complaint does not assert a colorable negligence claim against Spears." [Record No. 22, p. 7]

24]  This assertion is also unfounded.  Not only did the Court determine that it "must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party, and all doubts as to the propriety of removal are resolved in favor of remand," it also concluded that "the removing party bears the 'heavy' burden of establishing fraudulent joinder.  *Walker*, 442 F. App'x at 953."  [*Id.*, pp. 3-4]  Notwithstanding this high burden, the defendants sufficiently demonstrated that Spears was fraudulently joined in the action.  [*Id.*, p. 8]

Finally, the plaintiffs argue that they were "denied the opportunity to file a Reply" under Local Rule 7.1(c).  [Record No. 33-1, p. 3]  They are correct.  However, the plaintiffs' current motion "asserts the substantive arguments that would have been raised in a Reply." [*Id.*]  Therefore, the Court has given these arguments the consideration afforded a reply brief and finds that the issues raised have been sufficiently addressed in the Court's prior Memorandum Opinion and Order [Record No. 22] and in the above analysis.  Accordingly, the matter being fully briefed and the Court being sufficiently advised, it is hereby

**ORDERED** that the plaintiffs' Motion to Reconsider and Set Aside, Alter, Amend, or Vacate Judgment [Record No. 33] is **DENIED**.

This 16th day of January, 2015.



Signed By:

*Danny C. Reeves*

United States District Judge