UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANDREW SIMMERMAN, | ) | |
| Individually and as Administrator of | ) | |
| ESTATE OF MKS (a minor), et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-382-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ACE BAYOU CORPORATION, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendants Richard A. Davis and Murray S. Valene's motion for leave to amend their Answer under Rule 15 of the Federal Rules of Civil Procedure.  [Record No. 51]  The proposed Amended Answer includes only the addition affirmative defense of a lack of personal jurisdiction.  However, because the defendants have waived this defense, their motion will be denied.

Rule 15 allows a party to amend a pleading "once as a matter of course" within twenty-one days of service.  Fed. R. Civ. P. 15(a)(1)(A).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the Court should freely give when justice requires.  Fed. R. Civ. P. 15(a)(2).  The defendants filed their original Answer on September 26, 2014, and removed the case to this Court on September 30, 2014.  [Record Nos. 1, 1-2]  However, they failed to amend their Answer as a matter of course within the time provided under Federal Rule 15(a)(1).  As a result, they may now amend their answer only with the plaintiffs' consent, which they do not

have, or with leave of Court, which they now request.  [Record No. 51]  The plaintiffs object to the proposed Amended Answer, arguing that Davis and Valene have waived the defense of lack of personal jurisdiction under Rule 12 of the Federal Rules of Civil Procedure. [Record No. 53]

Lack of personal jurisdiction is an affirmative defense under Rule 12(b)(2).  In the Sixth Circuit, "a defendant who wishes to raise a defense to the court's personal jurisdiction must do so when he makes his first defensive move, whether by Rule 12 motion or by a responsive pleading."  *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (internal quotation omitted).  Under Rule 12(h), "[a] party waives any defense listed in Rule 12(b)(2)-(5)" – personal jurisdiction, improper venue, insufficient process, and insufficient service of process – by "failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) *as a matter of course*."   Fed. R. Civ. P. 12(h)(1)  (emphasis added).   Thus, a challenge to personal jurisdiction must be raised in the first responsive pleading or be waived.  *See Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003) (Because the defendant did not raise the issue of personal jurisdiction in his original answer, it was deemed waived.).

In the present case, the defendants did not raise the issue in a pre-answer motion under Rule 12 or include the defense in their original Answer.  The time for amending as a matter of course has elapsed.[1]  As a result, the defendants have waived the defense of lack of personal jurisdiction.  Accordingly, it is hereby

---

[1]     The defendants cite to a number of cases that have allowed a party to amend its answer with leave from the Court to add a *statute of limitations* defense.  [Record Nos. 51, 56]  However, unlike personal jurisdiction, a statute of limitations defense is not among those enumerated in Rule 12(b)(2)-(5) and is not subject to the restrictions of Rule 12(h).  *See* Fed. R. Civ. P. 12(h).

**ORDERED** that the Defendants' Motion for Leave to File an Amended Answer [Record No. 51] is **DENIED.**

This 19th day of March, 2015.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**