UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ANDREW SIMMERMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 14-382-DCR |
| ) | |
| V. ) | |
| ) | |
| ACE BAYOU CORP., et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiffs' motion *in limine* regarding the anticipated testimony of Cristin Rolf, M.D. Because the defendants did not timely disclose Dr. Rolf as an expert witness, the plaintiffs' motion in limine will be granted insofar as it seeks to limit her testimony to lay testimony under Rule 701 of the Federal Rules of Evidence. The plaintiffs' remaining requests will be denied as inappropriate for an *in limine* ruling at this stage of the proceedings.

**I.**

Plaintiffs Andrew Simmerman and Terri Mills are the parents of MKS, a minor who died in 2012 at the age of three after becoming enclosed in a bean bag chair. [Record No. 1-1] The day after MKS' death, Dr. Rolf, a Kentucky Associate Chief Medical Examiner at the time, performed a postmortem examination of MKS' remains and issued a final report shortly thereafter. [Record Nos. 147-1 and 155]

In 2014, the plaintiffs brought a product liability action against the defendants in Fayette Circuit Court based on the bean bag's allegedly defective design and subsequent

distribution. *Id.* The defendants then removed the case to this Court based on diversity jurisdiction. [Record No. 1] On December 29, 2014, this Court entered a Scheduling Order, setting deadlines for, among other things, disclosure of expert witnesses and completion of fact discovery. [Record No. 36] The Order also gave the parties thirty days to disclose rebuttal experts after the other side's expert disclosures. *Id.*

On June 25, 2015, the Court granted the parties' joint motion to extend the discovery deadlines. [Record No. 77] The plaintiffs' expert deadline was moved to September 4, 2014, while the defendants' expert disclosure deadline was extended until October 5, 2015. The parties were required to complete all fact discovery by October 15, 2015, the parties were to complete all fact discovery. *Id.* The remainder of the December 29 Scheduling Order remained in place. *Id.*

On October 5, 2015, the defendants served the plaintiffs with their expert disclosures. [Record No. 110] However, Dr. Rolf was not named as an expert. [Record No. 148-1] In December of 2015, the defendants filed a notice to take her video deposition in Anchorage, Alaska, where she now lives and works. [Record Nos. 136 and 146] The plaintiffs then filed this motion *in limine* seeking: (i) to limit her testimony to factual testimony or, at most, to opinions admissible under Rule 701 of the Federal Rules of Evidence, (ii) to exclude speculative testimony, and (iii) to exclude photographs of MKS' remains taken during the postmortem examination. [Record No. 147]

## II.

Through motions *in limine*, parties seek to "exclude anticipated prejudicial evidence" before it is actually offered. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). "A ruling on a motion in limine

is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Thus, litigants do not have a right to *in limine* determinations, but a district court may grant such motions when the contested evidence "is clearly inadmissible on all potential grounds." *Gresh v. Waste Servs. of America, Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). However, courts should rarely issue *in limine* rulings that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Instead, "a better practice is to deal with questions of admissibility of evidence as they arise." *Id.*

### III.

The plaintiffs first argue that Dr. Rolf should be precluded from testifying as an expert at trial because the defendants failed to timely disclose her as an expert witness. [Record No. 147] Rule 702 of the Federal Rules of Evidence provides that a witness "who is qualified as an expert by knowledge, skill, experience, training or education" may testify to his or her opinion under certain circumstances. According to Rule 703, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. A witness who is not an expert is a lay witness and may only testify to his or her opinion if the opinion is:

    (a)    rationally based on the witness's perception;
    (b)    helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
    (c)    not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 707.

Rule 26 of the Federal Rules of Civil Procedure requires that parties disclose the identity of any expert witness that they intend to use at trial under Federal Rule of Evidence

702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(a). Further, parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to timely disclose its expert witnesses, Rule 37 provides that:

> the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B)  may inform the jury of the party's failure; and
>
> (C)  may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

The defendants argue that they were not required to disclose Dr. Rolf because she is an "important fact witness." They further contend that Dr. Rolf's status as a physician and medical examiner does not automatically compel the conclusion that conclusion that the information she intends to provide will constitute expert testimony. For support, they cite *Tzoumis v. Temple Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001). In *Tzoumis*, the District Court for the Northern District of Illinois held that, "[a] treating physician is not automatically an 'expert' witness simply because he is a doctor."

The Court agrees that Dr. Rolf's medical training does not automatically transform all of her testimony and opinions into expert testimony. *See McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 933 (E.D. Ky. 2014) ("[A]lthough treating physicians do not have to be disclosed as experts under Rule 26(a)(2), treating physicians and treating nurses must be designated as experts if they are to provide expert testimony.") (internal citation and

quotation marks omitted).  As a result, the defendants will not be precluded from offering Dr. Rolf as a lay witness under Federal Rule of Evidence 701.  The Court further notes that, whether Dr. Rolf's lay opinion will be inadmissible for other reasons cannot be determined at this time.

While the defendants assert that Dr. Rolf will not likely give expert opinion, they argue that, if she does, such testimony should be permitted because their failure to disclose her as a potential expert witness was harmless.  However, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a)[;] that is, it "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex. rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States,* No. 98–5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

To the extent that the defendants intend to elicit expert opinion from Dr. Rolf, Rule 37(c)(1) precludes such testimony based on their failure to disclose her as an expert within their extended discovery period.  As the Sixth Circuit has pointed out, the advisory committee's note on Rule 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks and citation omitted).  The burden is on the "potentially sanctioned party to prove harmlessness." *Vance*, 1999 WL 455435, at *6.

The defendants identified in their initial disclosures a representative from the "Commonwealth of Kentucky Justice Cabinet, Office of the Associate Chief Medical Examiner" as an individual who might have discoverable information.  [Record No. 155-2]

Based on this identification and the fact that the plaintiffs have a copy of the autopsy report and photographs taken during the autopsy, the defendants argue that allowing Dr. Rolf to offer expert testimony would be harmless. [Record No. 155] However, the defendants are unable to state whether Dr. Rolf will provide expert testimony or summarize what the testimony will include.

Dr. Rolf's deposition is now noticed for Friday, January 29, 2016. [Record No. 160] The parties' dispositive motion deadline has already passed, and the pre-trial conference of this matter is set for February 10, 2016. [Record No. 36] Trial of this matter is scheduled to begin on March 8, 2016. *Id.* This leaves the plaintiffs with very little time to rebut whatever expert opinions Dr. Rolf might offer. In *McFerrin*, 29 F. Supp. 3d at 932 (E.D. Ky. 2014), this Court prohibited a treating physician's testimony under Rule 37(c), explaining,

> [N]either the fact that Allstate [the defendant] may have known the identities of several doctors who had examined McFerrin, nor the fact that Allstate was in possession of a large number of medical records is enough to discharge McFerrin's duty to properly and formally disclose witnesses, records, and other evidence as required by Rule 26. McFerrin has not met his burden of establishing that his failure to disclose Dr. Smith under Rule 26(a)(1) nor his failure to supplement the answers to interrogatories was substantially justified or harmless.

(footnote omitted) Likewise, the undersigned concludes that the initial disclosure that someone in the medical examiner's office might have relevant information combined with a report and photographs is insufficient notice regarding Dr. Rolf's proposed expert testimony. As a result, the plaintiffs' motion will be granted, insofar as it seeks exclusion of Dr. Rolf's expert opinion under Rules 702, 703, or 705 of the Federal Rules of Evidence.

The plaintiffs also seek to exclude "speculative testimony." [Record No. 147] Speculative testimony is inadmissible for lay and expert witnesses alike. *See United States v.*

*L.E. Cooke Co., Inc.*, 991 F.2d 336, 342 (6th Cir. 1993) ("Where an expert's testimony amounts to 'mere guess or speculation,' the court should exclude his testimony."); *Reynolds v. Family Dollar Servs., Inc.*, 09-56-DLB, 2011 WL 618966, at *3 (E.D. Ky. Feb. 10, 2011) (The witness' "wholly speculative" testimony constituted "improper lay opinion testimony under Rule 701."). However, the Court must be advised of the specific nature of Dr. Rolf testimony before addressing whether it is speculative. Similarly, the Court is unaware of the specific autopsy photographs, if any, that the defendants intend to introduce or the purpose for which they may be offered. Thus, the Court will deny the plaintiffs' motion regarding these last two items of evidence.

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' motion *in limine* [Record No. 147] is **GRANTED** in part and **DENIED** in part as set forth above.

This 8th day of January, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge