UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ANDREW SIMMERMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 14-382-DCR |
| ) | |
| V. ) | |
| ) | |
| ACE BAYOU CORP., et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motion to dismiss the loss of consortium claims brought by Plaintiffs Andrew Simmerman and Terry Mills. [Record No. 113] Because the consortium claims are barred by the applicable statute of limitations and not subject to any tolling provisions, the defendants' motion will be granted.

**I.**

Plaintiffs Andrew Simmerman and Terri Mills are the parents of MKS, a minor child who died on September 12, 2012, after becoming enclosed in a beanbag chair. [Record No. 1-1] On September 8, 2014, Simmerman was appointed administrator of his daughter's estate by order of the Fayette District Court. *Id.* at 2. The next day, September 9, 2014, the plaintiffs brought a wrongful death action against the defendants in Fayette Circuit Court based on the beanbag's allegedly defective design and subsequent distribution. *Id.* Three of the defendants then removed the case to this Court based on diversity jurisdiction. [Record No. 1] On November 30, 2015, the defendants filed this motion, seeking dismissal of the plaintiffs' loss of consortium claims as time-barred.

## II.

In Kentucky, a parent's right to recover damages for loss of a minor child's consortium is established by statute. K.R.S. § 411.135. This statutory section provides:

> In a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action.

*Id.*

Under K.R.S. § 413.140(1)(a), "[a]n action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant," must be commenced within one year after the cause of action accrues. The Supreme Court of Kentucky has held that section 413.140(1)'s one-year limitation period applies to parental loss of consortium claims under K.R.S. § 411.135 as well as wrongful death claims. *See Ky. Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988).

## III.

Because the plaintiffs filed this action nearly two years after MKS's death, the defendants argue that their consortium claims are barred by the one-year limitations period. [Record No. 113] However, the plaintiffs contend that K.R.S. § 413.180 should be interpreted to extend the one-year limitations period to two years in this case. [Record No. 135] Alternatively, they ask the Court to certify the limitations question to the Supreme Court of Kentucky. *Id.* They further argue that the discovery rule tolled the limitations period until August 22, 2014, the day that the beanbag's manufacturer issued a voluntary recall of the product in issue. *Id.*

Kentucky Revised Statute § 413.180 provides:

> (1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.
>
> (2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.

K.R.S. § 413.180.

In *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 653 (Ky. 1992), the Supreme Court of Kentucky held that K.R.S. § 413.180 applies to wrongful death claims. In effect, the decision allows a personal representative of a decedent's estate to bring a wrongful death claim as late as two years after the wrongful death. *Id.* at 655. The *Conner* court recognized that K.R.S. § 411.130 (the statute that establishes wrongful death as a cause of action) does not fall within the statutes mentioned in § 413.180. *Id.* at 653. Nevertheless, it reasoned that § 413.140 (the statute that sets the limitations period for wrongful death claims) does fall within the specified range. *Id.* at 654. The court further explained that "[i]t is reasonable to conclude the General Assembly intended for the personal representative to have the same amount of time to prosecute all claims resulting from injury to the decedent including injuries resulting in death." *Id.*

The plaintiffs argue that the same reasoning applies to parental loss of consortium claims. [Record No. 135] Simmerman was appointed administrator of his daughter's estate over one year after her death. Therefore, if K.R.S. § 413.180 did apply to the loss of consortium claims, the one-year statute of limitations would begin to run on the one-year

anniversary of MKS' death, giving the plaintiffs until September 12, 2014 to file their claim. *Id.* at 655. As discussed above, the plaintiffs filed suit on September 8, 2014, four days prior to the two-year anniversary of MKS' death.

The plaintiffs correctly observe that no published decision in Kentucky has conclusively determined whether *Conner*'s reasoning applies to parental loss of consortium claims. However, they admit that *Potter v. Boland*, 2011-CA-001336-MR, 2012 WL 6061730 (Ky. Ct. App. Dec. 7, 2012), an unpublished decision of the Court of Appeals of Kentucky, addresses this issue directly.[1]

In *Potter*, the plaintiffs argued that *Conner*'s reasoning should extend to their parental loss of consortium claims. *Id.* at 6. The court disagreed, reasoning that loss of consortium claims and wrongful death claims are independent causes of action. *Id.* at 7. It explained that a parent could still bring a loss of consortium claim regardless of whether the child's personal representative filed a wrongful death claim. *Id.* The court acknowledged that its decision would

> [put] an attorney for the parents [] in the unenviable position of filing a loss of consortium claim without knowledge of the legitimacy of the underlying wrongful death claim. Moreover, it is questionable whether the loss of consortium action could survive a motion to dismiss for failure to state a cause of action when a wrongful death action has not been filed.
>
> Logic and clarity should not be strangers to the law. However, we have no authority to deviate from the established law. The only limitation period set forth by the General Assembly for loss of consortium is contained in KRS 413.140. KRS 413.180 cannot be extended by judicial fiat.

*Id.* at 8.

---

[1] The plaintiffs have attached the opinion as an exhibit to their response. [Record No. 143-1] The opinion's page numbers are taken from that document as the opinion has not been published.

The plaintiffs argue that the Court of Appeals of Kentucky's decision in *Potter* is flawed because: (i) the *Potter* court relied on *Martin v. Ohio Cnty. Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009), a spousal consortium case, (ii) *Potter* purports to uphold *Gaylor*, 756 S.W.2d 467, a case prior to *Conner*, and (iii) *Gaylor* did not distinguish between wrongful death claims and parental loss of consortium claims. [Record No. 135, pp. 9-10] However, the plaintiff's critiques of the *Potter* opinion are without merit.

First, the *Potter* court recognized that *Martin* was a spousal consortium case and not a parental consortium case. [Record No. 143-1, p. 7] The *Potter* court cites *Martin* for the proposition that wrongful death actions are separate and independent from consortium claims, an idea that is well-established in Kentucky jurisprudence. In fact, the Supreme Court of Kentucky has specifically held that parental consortium claims are "independent and separate" from wrongful death claims. *Giuliani v. Guiler*, 951 S.W.2d 318, 322 (Ky. 1997). Thus, the *Potter* court's reliance on *Martin* does not undermine the court's conclusions.

In *Gaylor*, 756 S.W.2d at 468, the plaintiff brought a personal injury claim on her stillborn daughter's behalf and a parental loss of consortium claim under K.R.S. § 411.135 on her own behalf. *Id.* at 469. The Supreme Court of Kentucky held that the consortium claim was barred by the one-year statute of limitations because the plaintiff brought the case twenty months after the still birth. *Id.* In a separate section of the opinion, the court questions the viability of a personal injury claim brought on behalf of a fetus not born alive. *Id.* However, the court concluded that it was unnecessary to reach that issue because it "has consistently held that ' . . . unless a personal representative shall qualify within one year from the injury, the action is barred.'" *Id.* at 469. The *Conner* Court explicitly stated that this

holding from *Gaylor* is "the correct rule." *Conner*, 834 S.W.2d at 654. *Conner* did not address consortium and, therefore, did not disturb that part of the *Gaylor* opinion.

According to the plaintiff, *Gaylor* indicates that a parental consortium claim should be treated the same as a wrongful death claim. [Record No. 135, p. 6] But that characterization ignores *Gaylor*'s structure. *Gaylor* only discusses the personal representative issue in the context of the personal injury claim, not the consortium claim. *Gaylor*'s separate treatment of the two issues reinforces the *Potter* court's conclusion that *Conner* should not be extended to consortium claims.

The plaintiffs argue in the alternative that this Court should certify this issue to the Supreme Court of Kentucky because it has not issued a published decision resolving this question. [Record No. 135] Federal courts generally do not "trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *City of Columbus, Ohio v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) (internal quotation marks and citation omitted). Instead, federal courts will generally attempt to predict what the state's highest court would decide if faced with the same issue by examining "all available data, including the decisional law of the state's lower courts." *Carolina Casualty Ins. Co. v. Panther II Transp. Inc.*, 402 F. App'x 62, 66 (6th Cir. 2010) (quoting *Stanek v. Greco*, 323 F.3d 476, 478 (6th Cir. 2003)). The United States Court of Appeals for the Sixth Circuit has held that "all available data" includes unpublished as well as published decisions. *Lukas v. McPeak*, 730 F.3d 635, 638 (6th Cir. 2013). In *Lukas*, the Sixth Circuit concluded that a federal court should not disregard an intermediate appellate state court's opinion, "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940)). Further,

-6-

"state appellate court precedent is to be considered particularly persuasive where the [state's highest court] refused to review the decision." *Lukas*, 730 F.3d at 638.

The Court of Appeals of Kentucky's decision in *Potter* forecloses the need to certify the issue to the Supreme Court of Kentucky. The plaintiffs have not shown that Kentucky's highest court would likely decide the issue differently if such were presented to it for resolution. In fact, the Supreme Court of Kentucky declined to review *Potter* when discretionary review was requested. [Record No. 143-2] Based on the data available from Kentucky's lower courts, this Court finds that the one-year statute of limitation applies to the plaintiffs' consortium claims, and K.R.S. § 413.180 does not apply to extend that period.

Finally, the plaintiffs argue that their consortium claims should be tolled by the discovery rule. [Record No. 135, pp. 14-15] They contend that they did not know and could not have known that a product defect caused their daughter's death until a recall was issued for the product on August 22, 2014. *Id.* at 14. In Kentucky, the discovery rule tolls the statute of limitations until the date the injury is discovered or should have been discovered in the exercise of ordinary care and diligence. *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). "The knowledge necessary to trigger the statute is two-pronged; one must know: (1) he has been wronged; and, (2) by whom the wrong has been committed." *Id.* Notably, the knowledge requirement is satisfied when the plaintiff discovers that a wrong has been committed, not when he discovers that he has a cause of action against the person who committed the wrong. *Vannoy v. Milum*, 171 S.W.3d 745, 749 (Ky. Ct. App. 2005).

In *Potter*, the court declined to apply the discovery rule where the plaintiffs argued that they did not discover their injury until a medical expert reviewed their daughter's medical records. [Record No. 143-1, p. 9] Relying on *Vannoy*, the court concluded that the

plaintiffs' claim accrued on the date of their daughter's death because at that point, "[i]t was painfully obvious . . . that they had been harmed." *Id.* The same reasoning applies here. As the defendants observe in their reply, the plaintiffs undoubtedly knew that their daughter died by suffocating inside a beanbag in a bedroom in their home. [Record No. 142] An autopsy was performed the next day and the medical examiner's October 12, 2012, report concluded that the cause of death was asphyxia/suffocation due to enclosure inside of a vinyl beanbag chair. [Record No. 142-2]

Because the plaintiffs knew or should have known that they had been injured on the date of their daughter's death, the discovery rule does not be applied to toll the one-year limitations period.

## IV.

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion to dismiss the plaintiffs' loss of consortium claims [Record No. 113] is **GRANTED**.

This 5th day of February, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge